UNITED STATES DISCTRICT COURT
EASTERN DISTRICT OF MISSOURI

VIRGINIA HOORNAERT,

    Plaintiff,

v.

CASEY'S GENERAL STORE,

    Defendant.

Serve: Julia Jackowski
One SE Convenience Blvd.
Ankeny, IA, 50021

Cause No.  4:18-cv-1488

**Jury Trial Demanded**

## COMPLAINT

COMES NOW Virginia Hoornaert ("Plaintiff"), by and through her undersigned attorney and for her causes of action against Defendant Casey's General Store ("Defendant"), states as follows:

### PARTIES

1.    At all times material hereto, Plaintiff is and was a citizen and resident of the State of Kentucky.

2.    At all times material hereto, Defendant is and was an Iowa company authorized to do business in the state of Missouri, owning, operating, leasing, and/or managing a convenience store at 413 N Jefferson St., City of St. James, State of Missouri.

3.    At all times material hereto Defendant acted by and through its agents, servants and employees who acted within the scope and course of their agency and employment.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as the parties are citizens of different States, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. The venue for this action lies in the Eastern District of Missouri because the wrongful acts upon which this lawsuit is based occurred, in part, in this District, and Defendant has certain minimum contacts in this District. Venue is proper pursuant to 28 U.S.C. §1391 because Defendant is a corporation that has substantial, systematic, and continuous contacts in this District.

## FACTUAL ALLEGATIONS

6. On or about August 8, 2016, Plaintiff Virginia Hoornaert was a business invitee at the Defendant's convenience store located at 413 N. Jefferson Street, St. James, Missouri.

7. On or about August 8, 2016, Defendant's employee mopped the subject aisle floor (hereinafter "subject aisle").

8. The subject aisle was available to the general public and had neither barriers nor warning signs, such as a "wet floor" sign, that the subject aisle was wet.

9. On or about August 8, 2016, Plaintiff was present at the Defendant's convenience store.

10. Plaintiff did not receive any notice that the subject aisle was wet.

11. Plaintiff walked down the subject aisle and her shoes made contact with the wet floor, causing her to lose her balance and fall.

12. After Plaintiff landed, she discovered that her clothes were wet.

13. Defendant's employee, a store clerk, then informed Plaintiff that she had previously mopped the subject aisle.

14. Defendant's employee admitted to Plaintiff that after she mopped the subject aisle, she did not leave a warning sign to warn to customers that the subject aisle was wet.

15. As a result of her fall on the subject aisle floor, Plaintiff suffered injuries to her left knee, femur, spine, pelvis, hips, left leg, rotator cuff, right shoulder, and right arm.

16. As a result of Plaintiff's injuries, she was required to undergo multiple surgeries, including, arthroscopy of the right shoulder with arthroscopic debridement, arthroscopic subacromial decompression with bursectomy and acromioplasty, mini open revision rotator cuff repair and removal of loose hardware, and reverse right total shoulder arthroplasty.

17. Plaintiff also had subsequent and ongoing medical treatment, including but not limited to 42 sessions of physical therapy.

18. Plaintiff has and will continue to have permanent impairment of her right upper extremity.

## COUNT I
## NEGLIGENCE

19. Plaintiff realleges and incorporates herein by reference the foregoing allegations of this Petition as if fully set forth herein.

20. Defendant owed Plaintiff a duty of reasonable care.

21. Plaintiff's damages and injuries were the direct and proximate result of the carelessness and negligence of Defendant in that it breached its duty to Plaintiff in one or more of the following respects:

    a. failure to maintain the premises in a reasonably safe manner so as to avoid Plaintiff's injuries;

3

  b. failure to provide reasonable notice of the dangerous conditions of the subject aisle through barriers, signs, or other warnings;

  c. failure to properly supervise the subject aisle in order to provide reasonable notice of the dangerous conditions of the subject aisle;

  d. failure to properly warn the general public, including its business invitees, that the dangerous condition of the subject aisle could cause someone to slip and fall; and

  e. such other and further acts and omissions as discovery and the evidence will reveal.

22. As a direct and proximate result and cause of the foregoing acts of negligence and omissions by Defendant, Plaintiff suffered serious and ongoing injuries to her body, including but not limited to injuries to her left knee, femur, spine, pelvis, hips, left leg, rotator cuff, right shoulder, and right arm. Plaintiff has suffered and will continue to suffer pain, discomfort, disability and loss of the use, movement and function of her left knee, femur, spine, pelvis, hips, left leg, rotator cuff, right shoulder, and right arm.

23. As a direct and proximate result of the aforesaid injuries, Plaintiff has been required to undergo extensive, medical, hospital, therapeutic and rehabilitative care and treatment.

24. As a direct result of the carelessness and negligence of Defendant, as aforesaid, Plaintiff suffered severe discomfort, pain, and her ability to enjoy the ordinary pursuits of life.

25. Defendant knew or reasonably should have known of the unreasonably dangerous condition of the premises, but failed to eliminate the hazard or to warn of it.

4

WHEREFORE Plaintiff respectfully request judgment in her favor and against Defendant for a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000.00), for pre-judgment interest, for her costs herein incurred and for such other and further relief as the Court deems just under the circumstances.

## COUNT II
## PREMISE LIABILITY

26.     Plaintiff realleges and incorporates herein by reference the foregoing allegations of this Petition as if fully set forth herein.

27.     On August 8, 2016, Plaintiff was an invitee of Defendant.

28.     Defendant was in control and possession of its convenience store including the store's subject aisle.

29.     Defendant owed a duty to the general public, including but not limited to Plaintiff, to remove the subject aisle's dangerous conditions and/or warn the general public of the subject aisle's dangerous conditions, and to maintain the subject aisle in a reasonably safe condition.

30.     In violation of this duty, Defendant negligently permitted and maintained a dangerous condition to exist on the subject aisle, creating an unreasonable risk of injury to its invitees, including Plaintiff. Specifically, the mopping of the aisle caused the floor to be excessively wet, which caused Plaintiff to lose her balance when walking down the subject aisle and causing injuries to her body including but not limited to, her left knee, hip, femur, and right shoulder. The wet subject aisle was without barriers or warning signs and, therefore, was not reasonably safe.

31.     Defendant knew or by using ordinary care should have known of the dangerous conditions of the subject aisle, and knew or should have known that it involved an unreasonable risk of harm to invitees such as Plaintiff.

32. Defendant knew or by using ordinary care should have known that invitees such as Plaintiff would not discover or recognize the subject aisle's dangerous conditions.

33. Defendant failed to use ordinary care to remove or warn invitees of the subject aisle's dangerous condition, or to otherwise protect invitees against the subject aisle's dangerous conditions.

34. The subject aisle's dangerous conditions were not known or obvious to Plaintiff.

35. As a direct and proximate result and cause of the foregoing acts of negligence and omissions by Defendant, Plaintiff suffered serious and ongoing injuries to her body, including but not limited to injuries to her left knee, femur, spine, pelvis, hips, left leg, rotator cuff, right shoulder, and right arm. Plaintiff has suffered and will continue to suffer pain, discomfort, disability and loss of the use, movement and function of her left knee, femur, spine, pelvis, hips, left leg, rotator cuff, right shoulder, and right arm.

36. As a direct and proximate result of the aforesaid injuries, Plaintiff has been required to undergo extensive, medical, hospital, therapeutic and rehabilitative care and treatment.

WHEREFORE Plaintiff respectfully request judgment in her favor and against Defendant Casey's General Store for a fair and reasonable amount in excess of Seventy-Five Thousand Dollars ($75,000.00), for pre-judgment interest, for her costs herein incurred and for such other and further relief as the Court deems just under the circumstances.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Virginia Hoornaert, prays for the following relief:

1. Awarding actual damages to Plaintiff in an amount to be determined at trial;

2. Awarding the past and future costs of treatment for Plaintiff's injuries;

3. Awarding damages for Plaintiff's physical pain and suffering;

4. Awarding damages for Plaintiff's mental and emotional anguish;

5. Awarding pre- and post-judgment interest to Plaintiff;

6. Awarding the costs and expenses of this litigation to Plaintiff;

7. Awarding reasonable attorneys' fees and costs to Plaintiff as provided by law; and

8. For such further relief as this Court deems necessary, just, and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby request a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, on all claims and issues so triable.


THE SIMON LAW FIRM, P. C.

By: /s/ Elizabeth S. Lenivy
Elizabeth S. Lenivy #68469MO
800 Market Street, Suite 1700
St. Louis, Missouri 63101
Phone: (314) 241-2929
Fax: (314) 241-2029
elenivy@simonlawpc.com
*Attorney for Plaintiff*